UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


GLORIA M. LONDON

                                          CIVIL ACTION

VERSUS

                                          NUMBER 06-739-SCR

NICK'S BOBCAT & DEMOLITION
SERVICES, INC., ET AL

### RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the court is a Motion for Partial Summary Judgment filed by defendants Nick's Bobcat & Demolition Services, Inc., and Lincoln General Insurance Company. Record document number 17. The motion is opposed.[1]

Plaintiff filed suit in state court against the defendants for injury and damages arising out of an accident that occurred on September 27, 2005. Plaintiff alleged that she was driving east on Interstate 10 when her car was struck by a dump truck owned by Nick's Bobcat and driven by one of its employee. Plaintiff claimed that the negligence of the truck driver caused the accident and the resulting injuries to her back, neck and right shoulder, and also caused her to have to undergo surgery to repair a torn right shoulder rotator cuff.

Defendants removed the case based on diversity jurisdiction and now moves for a partial summary judgment, seeking dismissal of

---

[1] Record document number 24. Defendants also filed a reply memorandum. Record document number 26.

the plaintiff's claim for damages for the tear of her right shoulder rotator cuff that resulted in surgery performed on July 27, 2006. Defendants argued that summary judgment is warranted because the plaintiff will be unable to bear her burden of proof as to the causation of the tear and the need for the right shoulder arthroscopy. In support of the motion the defendants submitted a statement of undisputed facts,[2] and relied on the deposition testimony of Dr. Jorge E. Isaza[3] and the deposition testimony of Dr. Nick Hatzis.[4] Defendants also submitted the deposition testimony of Dr. Joe A. Morgan, who performed an independent medical examination of the plaintiff on May 18, 2007.[5]

Plaintiff filed a statement of undisputed facts,[6] and relied on her deposition testimony and medical records from Dr. Isaza and the hospital where she went for treatment on the day of the

---

[2] Record document number 19.

[3] Defendants exhibit A. Dr. Isaza is an orthopaedic surgeon who treated the plaintiff from February 2002 until January 2006. He performed surgery on the plaintiff in December 2002 - a two level anterior cervical fusion.

[4] Defendants exhibit B. Dr. Hatzis is also an orthopaedic surgeon. Dr. Isaza referred the plaintiff to Dr. Hatzis, who began treating the plaintiff on February 2, 2006 for her right shoulder problems.

[5] Defendants exhibit C.

[6] Record document number 23.

2

accident.[7]  Plaintiff also relied on the deposition testimony of Drs. Isaza and Hatzis, copies of MRI's performed June 28, 2004 and November 5, 2005, and her own affidavit.[8]  Plaintiff argued that even though her doctors cannot state it is more probable than not that the tear in her right shoulder was caused by the accident, summary judgment is not appropriate because she is entitled to the *Housley* presumption.[9]

### Summary Judgment Standard and Applicable Law

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law.  Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986).  If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.  This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.

---

[7] Plaintiff exhibits 1-5.

[8] Plaintiff exhibits 6-8.

[9] *Housley v. Cerise*, 579 So.2d 973 (La. 1991).

3

1994).   In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor.  *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.  The court may not make credibility findings, weigh the evidence or resolve factual disputes.  *Id.*; *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).  Louisiana law is applicable in this diversity case involving a claim for personal injuries under Louisianan Civil Code article 2315.

> In order to determine whether a plaintiff should prevail on a claim in negligence, Louisiana courts employ a duty-risk analysis.  A duty-risk analysis involves five elements which must be proved by the plaintiff: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element). (internal citations omitted).

*Long v. State ex rel. Dept. of Transp. and Development*, 2004-0485 (La. 6/29/05), 916 So.2d 87, 101.

Thus, an essential element of a plaintiff's claim for damages

in a suit for personal injuries, is proof by a preponderance of the evidence of a causal relationship between the accident and the injuries he complains of. *American Motorist Ins. Co. v. American Rent-All, Inc.*, 90-2293 (La. 5/6/91), 579 So.2d 429, 433. The test for determining the causal relationship between the accident and the subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident. *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603, 94-2615 (La. 2/20/95), 650 So.2d 757, 759.

A plaintiff may be assisted in meeting his burden of proof on causation by a legal presumption established by the Louisiana Supreme Court. In *Lukas v. Insurance Company of North America*, 342 So.2d 591, 596 (La. 1977) the court stated:

> [a] claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.

This language later formed the basis for the decision in *Housley*, and the legal presumption became known as the *Housley* presumption. *Jaramillo v. Lopez*, 2004-2042 (La.App. 4 Cir. 1/18/06), 925 So.2d 559, 564. A defendant may defeat the presumption by showing that an alleged injury could have been caused by some other particular incident rather than by the

5

accident that the plaintiff claims was the cause of the injury. *Maranto*, 650 So.2d at 761.

## Analysis

Defendants argued that the plaintiff will be unable to carry her burden of proof at trial that the September 27, 2005 accident caused the tear in her rotator cuff and the need for right shoulder arthroscopy. Defendants asserted two grounds for this argument: (1) there is no medical evidence which shows that it is more probable than not that the torn rotator cuff was caused by the accident, and (2) the plaintiff cannot meet her burden of establishing the *Housley* presumption because the evidence establishes that she was not in good health prior to the accident. Plaintiff did not dispute the defendants' first contention, but argued that there is sufficient evidence to support the application of the *Housley* presumption in this case.

It is unnecessary to recite and discuss all the evidence submitted by the parties. Considering the summary judgment evidence as a whole the plaintiff's argument is persuasive.

The record contains medical evidence that the plaintiff had problems with her right shoulder prior to the accident. There is also evidence from which a reasonable trier of fact could find that the plaintiff's right shoulder was asymptomatic for approximately 14 months before the accident. From the time of the MRI done in late June 2004 until the accident, the plaintiff did not seek

medical treatment for her shoulder.[10]  Plaintiff sought and obtained treatment immediately and continuously after the accident.  Both of the plaintiff's treating doctors stated that a shoulder tear can be caused by trauma.  Although the MRI's done before and after the accident appeared unchanged, it is undisputed that pre-accident the plaintiff was diagnosed with right shoulder impingement without evidence of a tear, and post-accident a tear was discovered that required surgery.  Dr. Isaza and Dr. Hatzis both testified that the fact that the MRI's did not indicate a tear does not mean that there was no tear.  Additionally, Dr. Hatzis stated that he could not determine what caused it or when it occurred.[11]

Based on these facts, the court cannot conclude, as a matter of law, that the plaintiff will be unable to establish the *Housley* presumption.  The trier of fact could view these facts and draw a reasonable inference that, insofar as the plaintiff had a right shoulder condition, she was in good health prior to the accident; and that once the incident occurred the symptoms of the condition manifested and continued, ultimately resulting in the need for surgery which confirmed a tear caused by the accident.[12]   The

---

[10] Dr. Isaza depo., pp. 14-20; plaintiff depo., pp. 26-31.

[11] Dr. Isaza depo., pp. 15, 17-28, 32-33; Dr. Hatzis depo., pp. 7-12, 14-15, 24-27, 32-35; plaintiff exhibits 1-7.

[12] This conclusion is supported by a review of the relevant case law.  The fact that a plaintiff has a pre-existing condition does not necessarily preclude application of the *Housley* (continued...)

evidence from the plaintiff's doctors could also fairly support the third element of *Housley* - a reasonable possibility of a causal connection between the accident and the injury claimed.

The court cannot weigh the evidence or resolve conflicts in the evidence and questions of credibility in ruling on the defendants' motion.   Viewing the evidence and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has come forward with sufficient evidence to demonstrate a genuine dispute for trial on the issue of causation with regard to her right shoulder injury.

Accordingly, the Motion for Partial Summary Judgment filed by defendants Nick's Bobcat & Demolition Services, Inc., and Lincoln General Insurance Company is denied.

Baton Rouge, Louisiana, November 8, 2007.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[12](...continued)
presumption.   Whether the *Housley* presumption applies depends of the facts of the particular case.   *See*, *Layssard v. Dept. of Public Safety*, 2007-78 (La.App. 3 Cir. 8/8/07), 963 So.2d 1053, 1060-62; *Jaramillo*, 925 So.2d at 564-66; *Poland v. State Farm Mutual Automobile Ins. Co.*, 2003-1417 (La.App. 1 Cir. 6/25/03), 885 So.2d 1144, 1150-52.